## GEORGIA RAILROAD AND BANKING CO. *v.* TURNER.

The defendant admitted the killing and value of the stock, assumed the burden of proof, and made out a defense by the testimony of the engineer and fireman. The testimony in rebuttal, as to the rate of speed, the time when the brakes were applied, the position of the cattle, and the distance at which they could have first been seen, was in conflict with that for the company, and sufficient to sustain a verdict for the plaintiff.

Submitted March 14, — Decided March 30, 1904.

Action for damages.     Before Judge Roan.     DeKalb superior court.   March 9, 1903.

Turner sued the railroad company for $100, being the value of three cows killed by its train on March 15, 1902. The defendant admitted the killing, and that the animals were of the value claimed; and assumed the burden of making out the defense that it was impossible by the exercise of ordinary care and diligence to avoid the injury The engineer and fireman testified, that a look-

out was kept; that the animals were in a cut, and on a curve distant from a crossing; that the train was running between forty and fifty miles an hour; that the cows could not have been seen more than 200 feet from where they were struck; that as soon as seen the stock alarm was given, the emergency brakes were applied, and everything possible done to avoid the injury; and that the train did not stop when it was seen that they had been knocked from the track. The testimony for the plaintiff, by passengers on the train and eye-witnesses standing near the track, was to the effect that the train was not checked when the whistle was blown; that there was no slacking of speed until about the moment of striking the cattle; that the cattle were at the mouth of the cut when first seen; that they were in full view of the engineer for three or four hundred yards; and that the cattle ran a considerable distance along the track and away from the approaching train.

*Joseph B. & Bryan Cumming, G. M. Beasley,* and *M. A. Candler,* for plaintiff in error. *R. W. Milner,* contra.

LAMAR, J. From the statement of facts it will be seen that the effect of the admission by the company, and the consequent presumption of negligence, was not necessarily removed. On consideration of all of the evidence introduced by both parties it appears that there was sufficient to sustain a verdict in plaintiff's favor; and the judgment is  *Affirmed. All the Justices concur.*